UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 09-040 |
| DAMION BARNES | SECTION "K" (1) |

**ORDER AND OPINION**

Before the Court is Damion Barnes's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on July 12, 2010. Having reviewed the pleadings, memoranda, and relevant law, it is clear that the movant is not entitled to relief and that an evidentiary hearing is not necessary. Accordingly, the motion is DENIED.

I.  BACKGROUND

In August of 2005, Damion Barnes ("Defendant") robbed the Whitney National Bank at 6318 Jefferson Highway in Harahan, Louisiana. Defendant slid a note to the teller that read "I have a gun don't play no games with me put the money in the bag and you won't be hurt." After the teller put $1,080.00 and a dye pack into the bag and gave it to Defendant, he left the bank in a stolen pickup truck. The truck owner had reported the truck stolen approximately three hours before the robbery, and police later recovered the vehicle.  The police found Defendant's fingerprints and DNA on a water bottle inside the truck, as well as dye from the ink pack.

On January 29, 2009, a grand jury returned a one-count indictment against Defendant for committing bank robbery in violation of 18 U.S.C. § 2113. On June 24, 2009, after being advised of his maximum penalties twice by the Court, Defendant agreed to the accuracy of the Factual Basis,

1

which he signed, and pleaded guilty to the sole count against him. Before sentencing, defense counsel submitted a sentencing memorandum arguing against a one level enhancement for the amount of loss. On October 28, 2009, this Court sentenced Defendant to 71 months imprisonment to be followed by a three year term of supervised release. Defendant did not appeal his sentence, but instead filed this motion under 28 U.S.C. § 2255

II.     LAW AND ANALYSIS

Title 28 U.S.C. § 2255 provides in relevant part:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> (b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Defendant contends (1) that his counsel rendered ineffective assistance in violation of the Sixth Amendment, and (2) that the court erred in applying a two level enhancement to his offense level by finding that the defendant made a threat of death under USSG § 2B3.1(b)(2).

A.     Ineffective Assistance of Counsel

To prevail on a claim for ineffective assistance of counsel, a defendant must establish (i)

2

that his counsel's performance was deficient and (ii) that his counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 667, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In determining whether counsel's assistance was deficient, defendant must show that the counsel rendered fell below the standard of "reasonably effective assistance," considering all the circumstances. *Id.* In order to have been reasonably effective, a defendant's counsel is required to "conduct a reasonably thorough, independent inquiry into the defenses that might be offered in mitigation of punishment." *Ladd v. Cockrell*, 311 F.3d 349, 358 (5th Cir. 2002) (citing *Baldwin v. Maggio*, 704 F.3d 1325, 1332-33 (5th Cir. 1983)). Allegations of ineffectiveness of counsel must be made with specificity; they must state what actions the attorney should have taken and how those actions would have affected the outcome. *U.S. v. Demik,* 489 F.3d 644, 646-47 (5th cir. 2007). Under *Strickland*, if the court finds that a petitioner fails to make a sufficient showing for either prong, be it deficient performance or prejudice, it may dispose of the claim. *Strickland*, 466 U.S. at 697. Moreover, such disposal does not require an evidentiary hearing. *U.S. v. Demick*, 489 F.3d at 646-47.

    Defendant contends that his counsel did not make him aware of his rights under contract law and failed to safeguard Defendant's contractual rights. Further, Defendant contends that his counsel failed to effect a meaningful bargain, thereby rendering his assistance "totally ineffective." In an attempt to support his argument, Defendant cites a number of cases, including *United States v. Harvey*, 791 F.2d 294 (4th Cir. 1986). *Harvey* involved an ambiguous plea agreement; whereas here, no plea agreement existed. Defendant had no contract or bargain with the government; he merely pleaded guilty to the charge against him. In fact, each of the cases cited by Defendant in support of his position involved some form of agreement with the

government, be it a plea or a proffer agreement. The important factor in each of those cases, an agreement with the government, is not present in this instance.

Defendant's contention that his counsel did not secure adequate consideration is baseless. In Defendant's own motion he defines consideration as "that which the party to who[m] a promise is made does or agrees to do in return for the promise." No promise was made by the Defendant to the government or vice versa. Moreover, the Supreme Court has made clear that there exists "no constitutional right to plea bargain; a prosecutor need not do so if he prefers to go to trial." *Weatherford v. Bursey*, 429 U.S. 545, 561; 97 S. Ct. 837; 51 L. Ed. 3d 30 (1977). Thus, the government had no obligation to offer Defendant an agreement, and the lack of such a bargain does not infringe his constitutional rights. Moreover, without any bargain or agreement, there was no need for Defendant to be made aware of contractual law.

The Court advised Defendant of the maximum penalties he could face, and he does not allege that his counsel failed to conduct an investigation into his available defenses. Instead, Defendant's sole claim for his counsel's ineffectiveness is based on counsel's failure to advise him about contract law. As no plea bargain or other contract existed, the failure to educate Defendant about contract law cannot constitute deficient performance.

Even if the court assumes, *arguendo*, that counsel rendered to the defendant was in some way deficient, he would still have to show how his defense was prejudiced. Where a defendant has pleaded guilty and later urges ineffective assistance of counsel, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Here, defendant does not make any statement to suggest that if he had been made to

understand "plea platforms" or contract law, he would have insisted on going to trial. Therefore, defendant's petition is insufficient to support an allegation of ineffective assistance of counsel.

B.     SENTENCE CALCULATION

Defendant's second contention is that the Court erred in finding that Defendant made a threat of death, and therefore the two-level enhancement of his offense level was improper. However, Defendant's claim is not proper under 28 U.S.C. § 2255. Whether or not sentencing guidelines were applied correctly does not give rise to a cognizable claim under § 2255. *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal, and would, if condoned, result in a complete miscarriage of justice." *Id.* (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Thus, Defendant's contention that his note did not amount to a threat of death is moot. The court's application of the sentencing guidelines is not proper subject matter for relief under § 2255.

Moreover, Defendant pleaded guilty to robbery in violation of 18 U.S.C. § 2113 for which the statutory maximum is twenty (20) years imprisonment. Defendant received seventy-one (71) months. The sentence imposed is clearly not in excess of the statutory maximum; in fact, it is approximately fourteen (14) years *less* than the maximum sentence allowed. Therefore, the sentence Defendant received was well below the statutory maximum and does not amount to a transgression of a constitutional right. Further, the sentence imposed was within the guidelines suggested based on the offense and the Defendant's criminal history. Thus, Defendant is not entitled to relief under § 2255. Accordingly, Defendant's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is denied.

New Orleans, Louisiana, this 6th day of October, 2010.

_____

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE